Argued and submitted June 28, affirmed September 29,
reconsideration denied November 10, 1982,
petition for review denied January 25, 1983 (294 Or 460)

In the Matter of the Compensation
of Mildred Balfour, Claimant.

BALFOUR,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 79-04213, CA No. A23059)

651 P2d 179

Peter McSwain, Eugene, argued the cause for petitioner. On the brief were Evohl F. Malagon and Malagon & Velure, Eugene.

Darrell E. Bewley, Appellant Counsel, SAIF Corporation, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks judicial review of a determination by the Workers' Compensation Board that her psychological occupational disease was not compensable. This case was earlier remanded to the Board by this court, 51 Or App 2, 624 P2d 643 (1981), for reconsideration in light of *James v. SAIF*, 290 Or 343, 624 P2d 565 (1981).

■    In denying compensability, the Board relied on two grounds. The first is an application of a general rule adopted by the board and applied by it in *Harry McGarrah*, WCB Case No. 79-05540 (1981). We have rejected the application of that rule to the facts in that case. *McGarrah v. SAIF*, 59 Or App 448, 651 P2d 153 (1982). In this case, we conclude that claimant's condition, to the extent that it resulted from stress caused by her work supervision, was not excluded from compensability on the ground that it did not arise out of her employment within the meaning of ORS 656.802(1)(a).

■    The second ground is an application of the requirement that the work stress be the major contributing cause of the occupational disease. *See SAIF v. Gygi*, 55 Or App 570, 574, 639 P2d 655, *rev den* 292 Or 825 (1982).[1] The Board stated, in relevant part:

> "In addition to possible work causation, there were several possible nonwork causes. Claimant had recently had surgery. Claimant was anxious over the health of her husband. One of claimant's grandchildren died. Considering all the evidence, we are not persuaded that claimant's work experiences (even assuming they were all within the scope of her employment, which they were not) were the significantly predominate *[sic]* cause of her psychological condition."

Claimant, 61 years old at the time of the hearing, was a housekeeper in a hospital. In October, 1978, a new supervisor revamped the housekeeping regimen at the hospital to increase efficiency and reduce the infection rate. That resulted in changes in claimant's work routine,

---

[1] The Board used a substantially similar test:

"significant preponderance of causation [must be] work-related," derived from its decision in *Kay L. Murrens*, WCB Case No. 79-01573 (1981).

including a new work assignment, albeit one chosen by claimant, use of more efficient cleaning machines and agents and possibly a larger area to clean. Claimant experienced some difficulty adjusting to the changes. She was reprimanded for less than satisfactory work performance, although that had occurred on occasion before the changes. It is not entirely clear from the record why or how specific changes may have been particularly upsetting to claimant. In any event, claimant left her employment in March, 1979.

The record does reveal a number of off-the-job sources of continuing stress. Claimant's husband had been injured in 1967 and remained permanently and totally disabled. In 1975, his ongoing problems apparently caused a six-month bout of depression on claimant's part. In March, 1978, before the new regimen was initiated, claimant told her doctor about depression because of pressure at work and her husband's difficulties. At the end of 1978, about the time the new supervisor came on the scene, claimant told that doctor that her depression was because of two foot surgeries she had had in 1978, which were complicated by infections. At the hearing, claimant testified that she had been taking several anti-depressive medications for years.

Claimant was first referred to her treating psychiatrist in December, 1978. At the time of the original diagnosis that the cause of claimant's anxiety was job related, the doctor was unaware of the previous use of medications and that claimant had been previously treated for depression. In a deposition, this doctor admitted that claimant's previous use of medications would tend to indicate that the problem of depression was ongoing. The doctor testified that, notwithstanding those facts, her opinion was still that the changes in the housekeeping routine were a contributing cause of claimant's depression, based on claimant's perception of what the change did to her.

We review the record *de novo.* Given the continuing sources of nonwork stress admittedly affecting claimant during the relevant time period, we are not persuaded that claimant's work was the *major* contributing cause of

her increased depression, as required under *SAIF v. Gygi,* *supra.*

Affirmed.